UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

STEVESON FARRELL ARWOOD, )
 )
    *Plaintiff*, )
v. ) No. 1:07-cv-156
 ) *Collier/Carter*
BRADLEY COUNTY JAIL, )
 )
    *Defendants*. )

## **MEMORANDUM**

Plaintiff Steveson Farrell Arwood ("Plaintiff") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. The Middle District transferred the complaint after assessing Plaintiff the $350.00 filing fee (Court File No. 1-2).

Plaintiff challenges his conditions of confinement and claims he is being denied adequate medical care. Plaintiff contends the medicine being administered to him in jail is not treating his symptoms and he requests that he receive the medication prescribed by his personal physician. Plaintiff has not requested any compensation but rather, in addition to requesting a transfer to another facility, requests the following relief:

    A.    Medication that were prescribed by his doctor
    B.    That he see a heart & lung doctor
    C.    That his blood pressure and sugar be tested
    D.    In the event that something happens to me my family will be given a fair compensation.

(Court File No. 1-2, p. 5).

For the reasons explained below the complaint will be **DISMISSED**.

**I.**    **Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted.

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). *See In re Tyler*, 110 F.3d [528], 529-30 [8th Cir. 1997]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

> *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**II.    Facts**

Plaintiff, a fifty-seven year old man with high blood pressure, diabetes, and chest pain, was

incarcerated shortly after being released from the hospital. Plaintiff claims he was schedule to have follow-up care but Bradley County Jail personnel refused to take him to his appointments. In addition, Plaintiff contends he is not receiving his prescribed medications but complains that instead, he is being administered medications which are not adequately treating his conditions. Plaintiff also complains his blood sugar is not being tested often enough (Court File No. 1-2, p. 5).

## III.  Identity of Defendants

Plaintiff identifies the Bradley County Jail ("Jail") as the sole defendant in this case. A review of the complaint reflects Plaintiff has not identified one single person who he alleges has violated his constitutional rights (Court File No. 1-2). All allegations refer to actions of the Jail.

The Jail is not a legal entity amenable to being sued under 42 U.S.C. § 1983 but is merely a name assigned to the building which houses inmates. The Jail is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Jail is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983).

Accordingly, because the Jail is not a suable entity, Plaintiff's § 1983 complaint against the

Jail will be **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915A & 1915(e) as frivolous for failure to state a claim.

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**